## UNIVERSAL FASHION CO. *v.* SARAH D. MORRISON, APT.

### *Costs. R. L. s.* 1170.

1. When the prosecution of a suit in the County Court is perpetually enjoined by the Court of Chancery upon the petition of the defendant, the defendant cannot, upon the discontinuance of such suit, claim costs as a matter of right, no order in respect thereto having been made by the Court of Chancery.

2. R. L. s. 1170 does not apply when the discontinuance is by order of court, and not voluntary.

Motion as to the allowance of costs. Heard at the December Term, 1888, Powers, J., presiding.

After this suit had been entered in the County Court, the defendant, in a suit between the same parties, obtained a decree from the Court of Chancery perpetually enjoining its further prosecution. Thereupon the plaintiff discontinued this suit in obedience to such decree, and the defendant moved for her costs. The decree made no order as to the costs of this suit, and the court held that therefore they could not be allowed. Exceptions by the defendant.

*Davis & Enright,* for the defendant, contended that under R. L. s. 1170 the defendant had an absolute right to her costs, which it was not within the discretion of the County Court to disallow.

*William Batchelder,* for the plaintiff.

When the defendant transferred this litigation into the Court of Chancery, that court acquired jurisdiction of the entire subject matter, and was thereafter the only court which could make any order as to costs in the premises. Story Eq. Jur. 437–9.

R. L. s. 1170 does not apply where the plaintiff, having a good cause of action when the suit is brought, is compelled to discontinue it by something transpiring afterwards. *Wheeler* v. *Wheeler,* 39 Vt. 312; *Clark* v. *Schofield,* 16 Vt. 699; *Chad-*

-wick v. *Batchelder*, 46 Vt. 724 ; *Sumner* v. *Cummings et al.*, 23 Vt. 434; *Fullam* v. *Ives*, 37 Vt. 663 ; *Brigham* v. *Mos-seaux & Trustee*, 20 Vt. 517.

The opinion of the court was delivered by

TYLER, J. This case comes here on an appeal from a decision of the County Court, denying costs to the defendant.

After the suit was brought, the defendant, by his bill of complaint, transferred the whole matter in controversy between himself and the plaintiff to the Court of Chancery, which court then had full jurisdiction and control of both causes and should have made all orders for costs as to both parties.

The Chancellor, from his knowledge of the facts involved, was peculiarly qualified to make an equitable adjustment of costs, but, so far as the exceptions indicate, he was not applied to by the defendant for that purpose. On the formal discontinuance of this suit in the County Court the defendant applied for and was denied costs, in which denial the defendant claims there was error. We hold there was no error for the reason that the discontinuance was compulsory, being in obedience to the injunction, and not by the voluntary act of the plaintiff, and that section 1170 of the Revised Laws does not apply.

*The decision of the County Court is affirmed.*